# PLAINTIFFS' EXHIBIT 58



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
WASHINGTON, D.C. 20460

JUN 1 4 2013

OFFICE OF
AIR AND RADIATION

Mr. William Kovacs
U.S. Chamber of Commerce
1615 H Street, NW
Washington, DC 20062

RE:  Freedom of Information Request No. EPA-HQ-2012-001352

Dear Mr. Kovacs:

This letter is in response to your Freedom of Information Act (FOIA) request of September 14, 2012, in which you asked for records pertaining to all draft, interim final and final reports and/or evaluations prepared by the U.S. Environmental Protection Agency or its contractor(s) pursuant to section 321 of the Clean Air Act.

After conducting searches, neither the Office of Air and Radiation nor the Office of Policy were able to find any documents pertaining to your request.

CAA section 321 authorizes the Administrator to investigate, report and make recommendations regarding employer or employee concerns that requirements under the Clean Air Act will adversely affect employment. Section 321(a) provides for "continuing evaluations of potential loss or shifts of employment which may result from the administration or enforcement of the provision of this Act and applicable implementation plans, including where appropriate, investigating threatened plant closures or reductions in employment allegedly resulting from such administration or enforcement."

In keeping with congressional intent, EPA has not interpreted CAA section 321 to require EPA to conduct employment investigations in taking regulatory actions. Conducting such investigations as part of rulemakings would have limited utility since section 321(d) expressly prohibits EPA (or the States, in case of applicable implementation plans) from "modifying or withdrawing any requirement imposed or proposed to be imposed under the Act" on the basis of such investigations. Section 321 was instead intended to protect employees in individual companies by providing a mechanism for EPA to investigate allegations - typically made by employers - that specific requirements, including enforcement actions, as applied to those individual companies, would result in lay-offs.

It is important to note, however, that EPA performs detailed regulatory impact analyses (RIA) for each major rule it issues, including cost-benefit analysis, various types of economic impacts analysis, and analysis of any significant small business impacts.

We do not consider this a denial, but if you do, you may appeal this response to the National Freedom of Officer; U.S. EPA; Records, FOIA, and Privacy Branch, 1200 Pennsylvania Avenue, NW (2822T), Washington, DC 20460; Fax: (202) 566-2147, Email: hq.foia@epa.gov. The appeal must be in writing, and it must be submitted no later than 30 calendar days from the date of this letter. The agency will not consider appeals received after the 30 calendar day limit. The appeal letter should include the number listed above (EPA-HQ-2012-001352). For quickest possible handling, the appeal letter and its envelope should be marked "Freedom of Information Act Appeal."

EPA appreciates your patience in this matter and hope the information provided is useful.

Sincerely,

Jim DeMocker
Acting Director
Office of Policy Analysis and Review